Filed 11/20/13  P. v. Johnson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E058154 |
| v. | (Super.Ct.No. SWF1102644) |
| CARNELL JOHNSON, JR., | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark A. Mandio, Judge.
Affirmed.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant Carnell Johnson, Jr. was sentenced to serve two years in county jail and
three years on released supervision after a jury convicted him of possessing cocaine for

1

sale, with an enhancement for doing so near a school, and possessing methamphetamine.

Counsel has filed a *Wende*[1] brief.  As discussed below, we affirm the judgment.

## FACTS AND PROCEDURE

A confidential informant tipped off law enforcement that defendant was selling drugs from defendant's house.  On October 19, 2011, sheriff's deputies armed with a search warrant watched defendant get into a vehicle that had stopped in front of the house, ride around the block, and get dropped off a few minutes later.  A short while later, defendant left the house and drove away by himself.  Deputies stopped and searched the car.  They found $331 in cash, a digital scale, and two items of clothing with secret pockets containing cocaine and methamphetamine.

The deputies then searched the house.  In defendant's bedroom they found additional items of clothing with secret pockets, each containing small plastic bags of drugs, namely cocaine and methamphetamine.  In the bedroom occupied by defendant's codefendant, they found more clothing with secret pockets containing small plastic bags of methamphetamine.

Defendant waived his *Miranda*[2] rights and told a sheriff's deputy that he possessed the cocaine for his personal use.

On November 17, 2011, the People filed an information charging defendant with possessing cocaine for sale (Health & Saf. Code, § 11351) and alleging he committed the

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436

2

crime within 1,000 feet of a school. The People also charged defendant with possessing the drug ecstasy (Health & Saf. Code, § 11377, subd. (a)) and with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

On July 24, 2012, the court held an *in camera* hearing on defendant's motion to disclose the name of the confidential informant pursuant to *People v. Hobbs* (1994) 7 Cal.App.4th 948. After questioning the investigating deputy under oath, the trial court denied the motion.

On November 29, 2012, the People filed an amended complaint deleting the possession of ecstasy charge. Defendant's jury trial began that same day.

On December 6, 2012, the jury found defendant guilty on both counts and found the school enhancement true.

On February 22, 2013, the trial court sentenced defendant to five years in local custody. The sentence was composed of two years for possessing drugs for sale, plus three consecutive years for the school enhancement, and one year concurrent for the simple possession charge. Pursuant to Penal Code, section 1170, subd. (h)(5), the court ordered defendant to serve the first two years in county jail and the last three years on released supervision. This appeal followed.

**DISCUSSION**

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not so.

We have examined the entire record and have found no error. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ  
P. J.

We concur:

RICHLI  
J.

CODRINGTON  
J.